# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **LENTIONA TAYLOR #1051112** | § | |
| | § | |
| **V.** | § | A-18-CA-065-RP |
| | § | |
| **DAVID GUTIERREZ, ROEL TEJANO,** | § | |
| **and LEE ANN MASSINGILL**[1] | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court is Plaintiff Lentiona Taylor's Complaint (Document 1). Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time she filed her complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Mountain View Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of injury to a child with serious bodily injury and was sentenced to 20 years in prison.

---

[1] Plaintiff misspells Lee Ann Massingill's first name. The Court substitutes the correct spelling.

Plaintiff alleges her right to due process was violated when she was reviewed for and denied parole. According to Plaintiff, she was reviewed for parole in 2011 and given a two-year set-off. She was subsequently reviewed for parole in 2013, 2015, and 2017 and given two-year set-offs after each review. Plaintiff complains the reason for the denial is always the same – "the instant offense has elements of brutality, violence, assaultive behavior" or words to that effect.

Plaintiff sues Chairman of the Parole Board David Gutierrez and Parole Board Members Roel Tejano and Lee Ann Massingill. According to Plaintiff, Tejano and Massingill voted to deny Plaintiff's parole. Plaintiff contends Tejano did not take into consideration all of the requirements and guidelines for parole and Massingill did not follow the parole guidelines in coming to her decision to deny parole. She seeks a declaratory judgment, injunctive relief, costs, and attorney's fees.

DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B    Due Process

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995 (1997) (citations omitted). Because Texas prisoners have no constitutionally protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, she has no claim for violation of due process in the procedures attendant to her parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 30, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE